[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT
This is an action sounding in conversion against attorneys for disbursing proceeds of a lawsuit after being notified of the State's lien for public assistance payments CT Page 9236 pursuant to Conn. Gen. Stats. 17-834, without honoring the State's liens.
Defendants claim by special defense that the State failed to provide defendants with the amount due on its lien, as required by such statute, after written notice, and therefore they were free to disburse the proceeds of the lawsuit without paying the State's lien. Each side has moved for summary judgment.
Section 17-83f, which creates a lien in favor of the State against causes of actions of beneficiaries of certain public assistance programs, states in relevant part:
 The proceeds of such causes of action shall be assignable to the state for payment of the amount due under said section 17-83e, irrespective of any other provision of law. Upon presentation to the attorney for the beneficiary of an assignment of such proceeds executed by the beneficiary or his conservator or guardian, such assignment shall constitute an irrevocable direction to the attorney to pay the commissioner of administrative services in accordance with its terms, except if, after settlement of the cause of action or judgment thereon, the commissioner of administrative services does not inform the attorney for the beneficiary of the amount of lien which is to be paid to the commissioner of administrative services within thirty days of receipt of the written request of such attorney for such information, such attorney may distribute such proceeds to such beneficiary and shall not be liable for any loss the state may sustain thereby.
It is undisputed that Attorney Shea made some telephone calls to the Bureau of Collection Services on or around July 10, 1991, and on July 10, 1991, wrote a letter to Ms. Hinchcliffe of the Department of Administrative Services as follows:
 "Inasmuch as I have been unable to get you on the phone to discuss this matter, I am releasing all funds to my client."
CT Page 9237
There is no reasonable basis on which this letter could be construed as a "written request of such attorney for the amount of such lien." Further, there was no indication in the letter that the defendant was prepared to wait thirty days for the answer before disbursing the proceeds of the lawsuit to his client.
This statute creates an "irrevocable direction to the attorney to pay the commissioner of administrativer services in accordance with its terms." Any disbursement by the attorney without express compliance with the statute, subjects him to liability for the amount of the State's lien.
Plaintiff's motion for summary judgment as to legal liability granted. Defendant's motion for summary judgment denied.